15-1098-cv
Forrester v. Corizon Health, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of June, two thousand sixteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                  *Circuit Judges*.

_____

BERNICE FORRESTER,

                  *Plaintiff-Appellant*,

          v.                                          15-1098-cv

PRISON HEALTH SERVICES, INC., CORIZON HEALTH INC.[1],

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     Joshua Alexander Bernstein, New York, NY.

Appearing for Appellee:      Jakob B. Halpern, Saiber LLC (Jennine DiSomma, *on the brief*), Florham Park, NJ.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

_____

[1] The Clerk of the Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Bernice Forrester appeals from the March 30, 2015 memorandum and order of the United States District Court for the Eastern District of New York (Garaufis, *J.*) granting the motion for summary judgment made by Corizon Health Inc. and Prison Health Services, Inc. (together, "Defendants"). The district court found that Forrester failed to raise a question of material fact on her claims for employment discrimination under federal law and declined to exercise supplemental jurisdiction over her claims brought pursuant to the New York City Human Rights Law. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Claims of discrimination brought under the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201 et seq ("ADA") are subject to the traditional burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (applying McDonnell Douglas's Title VII framework to ADA claim). Under this framework, "[a] plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proferred reason is a pretext." *Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015) (quoting *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006)). "To establish a prima facie case under the ADA:"

> a plaintiff must show by a preponderance of the evidence that: '(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.'

*Id.* (quoting *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001)). It is questionable whether ADA discrimination claims may proceed on a mixed-motive theory after the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), where the Court held that the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., does not authorize a mixed-motive age-discrimination claim. *Bolmer v. Oliveira*, 594 F.3d 134, 148 (2d Cir. 2010) (discussing Title II of the ADA). The *Gross* Court held that "age discrimination must be the 'but-for' cause of an adverse employment action for ADEA liability to attach." *Id.* We need not decide whether Forrester may proceed under a mixed-motive theory, as we find her claims fail regardless of the causation standard applied.

Forrester argues that she adduced sufficient evidence to go to trial on the issue of whether her disability contributed to the decision to demote her from a supervisory position in violation of the ADA. We disagree. As set forth in the district court's thorough analysis, Forrester failed to raise a question of material fact on the issue of pretext. Defendants assert that Forrester was removed from her leadership position because (1) she received a very low rating on her most recent employee evaluation; and (2) the Department of Health ("DOH") told defendants "all of

the leadership" at the facility Forrester worked needed to be removed, threatening to take over the facility if changes were not made. Supp. App'x at 829, 834. A representative from the DOH rated Forrester's work as "mediocre." Supp. App'x at 830. There is simply not enough evidence in the record to raise a triable issue as to whether Defendants' preferred reason for the demotion was pretextual.

We also agree with the district court that Forrester failed to establish that the reason for her firing was pretextual. A review of her work email account conducted by her employer revealed a series of nine separate emails forwarding sensitive, confidential information, including prisoner location and gang affiliations, from her work account to her home email address. As a result of this breach, the Department of Corrections ("DOC") indefinitely suspended Forrester's security clearance. Without a valid security clearance, Forrester could not work on Riker's Island, and her employment was terminated. Forrester argues that her credentials could be reinstated if Defendants rehired her and asked DOC to reissue them, but the record does not support such an inference. Nor is there record evidence to support Forrester's theory that the emails were deliberately planted in an effort to fire her. Even accepting her theory that, if she were cleared, her security credentials could be restored, the Defendants were under no obligation to clear her. The loss of her security clearance is a legitimate, nondiscriminatory ground for Defendants' decision to terminate her employment.

We have considered the remainder of Forrester's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3