17-3592-cv
Forrester v. Corizon Health, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand eighteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
SIDNEY H. STEIN,*
*District Judge.*

-------------------------------------------------------------------

BERNICE FORRESTER,

*Plaintiff-Appellant*,

v.                                                        No. 17-3592-cv

CORIZON HEALTH, INC.,

---

\* Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellee.*†

----------------------------------------------------------------

FOR APPELLANT: JOSHUA ALEXANDER BERNSTEIN, Josh Bernstein P.C., New York, NY.

FOR APPELLEE: JAKOB B. HALPERN (Jennine DiSomma, *on the brief*), Saiber LLC, Florham Park, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Bernice Forrester appeals from a judgment of the District Court (Garaufis, J.) granting the summary judgment motion of Corizon Health, Inc. ("Corizon") and dismissing her employment discrimination and retaliation claims under the New York City Human Rights Law ("NYCHRL") in part on the ground of collateral estoppel. See Forrester v. Corizon Health, Inc. ("Forrester II"), 278 F. Supp. 3d 618 (E.D.N.Y. 2017). We assume the parties' familiarity with the

---

† The Clerk of Court is directed to amend the official caption as shown above.

underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

1. Issue Preclusion and Discrimination under the NYCHRL

Collateral estoppel, or issue preclusion, prevents parties from relitigating issues of fact or law when, among other requirements and as relevant here, "the identical issue was raised in a previous proceeding." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288–89 (2d Cir. 2002) (quotation marks omitted).[1] "Issues are not identical if the second action involves [the] application of a different legal standard," even with respect to the same set of facts. B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1306 (2015) (quotation marks omitted). Because the NYCHRL is construed more broadly than similar state and federal statutes, we analyze NYCHRL claims separately. Velazco v. Columbus Citizens Found., 778 F.3d 409, 411 (2d Cir. 2015) (citing Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013)).

---

[1] We assume (as the parties do) without deciding that federal preclusion standards govern here, but we would arrive at the same conclusion even under New York law. See Conason v. Megan Holding, LLC, 25 N.Y.3d 1, 17 (2015).

Forrester maintained that, in violation of the NYCHRL, she was treated less well than other employees because of workplace harassment as well as Corizon's adverse employment actions. Whether her claim under the NYCHRL arises from an adverse employment action or harassment, Forrester bore the burden of showing that she was treated less well at least in part because of her membership in a protected class. Mihalik, 715 F.3d at 110 & n.8 (citing Williams v. N.Y. City Hous. Auth., 872 N.Y.S.2d 27, 38, 40 n.27 (1st Dep't 2009)); see also N.Y.C. Admin. Code § 8-107(1). Corizon was therefore entitled to summary judgment under the NYCHRL if Forrester failed to adduce evidence "from which it could rationally be inferred that . . . discrimination was a motivating factor, even in part, for [the defendant's] treatment of [her]." Melman v. Montefiore Med. Ctr., 946 N.Y.S.2d 27, 41 (1st Dep't 2012).

Although Forrester argues that demonstrating "partial discrimination" under the NYCHRL is less onerous than showing a mixed motive under federal law, we need not resolve the issue. Here, the District Court correctly concluded that its prior determination, in Forrester v. Prison Health Services ("Forrester I"), No. 12-CV-363 (NGG) (LB), 2015 WL 1469737 (E.D.N.Y. Mar. 30, 2015), aff'd sub

4

nom. Forrester v. Prison Health Services, Inc., 651 F. App'x 27 (2d Cir. 2016), was entitled to preclusive effect with respect to Forrester's NYCHRL disparate treatment claim arising from Corizon's adverse employment action. The Court in Forrester I had found that Forrester failed to show that Corizon's adverse employment actions were motivated by discriminatory intent. Similarly, with respect to Forrester's claim that she was harassed in violation of the NYCHRL, we agree with the District Court that its prior determination that "Plaintiff fails to establish how Defendants' actions . . . relate in any way to her medical condition," Forrester I, 2015 WL 1469737, at *8, precluded Forrester "from relitigating the issue of whether she was harassed at least partly because of her disability," Forrester II, 278 F. Supp. 3d at 632.

For these reasons, we affirm the District Court's grant of summary judgment on Forrester's discrimination claims under the NYCHRL.

2. Retaliation under the NYCHRL

The District Court also concluded that its judgment in Forrester I dismissing Forrester's retaliation claim under the Americans with Disabilities Act precluded her from asserting the same retaliation claim under the NYCHRL.

5

Although the NYCHRL's retaliation provision is broader than at least some federal anti-discrimination laws, a plaintiff bringing a retaliation claim under the NYCHRL still must adduce admissible evidence that retaliation was at least a partial motivating factor. See, e.g., Mihalik, 715 F.3d at 113, 116; Williams, 872 N.Y.S.2d at 33–35. Because evidence of temporal proximity alone is not enough to demonstrate retaliation under the NYCHRL, Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 76–77 (2d Cir. 2015), and because the District Court previously determined that Forrester failed to produce any other evidence of a retaliatory motive, Forrester I, 2015 WL 1469737, at *28, preclusion was warranted. For these reasons, we affirm the District Court's grant of summary judgment dismissing Forrester's retaliation claim.

Nor do we find error in the District Court's grant of summary judgment on the merits on a new claim of retaliation relating to Forrester's 2010 termination, which had not been raised or adjudicated in the prior litigation. The District Court correctly ruled that Forrester made no showing of retaliatory motivation as she failed to show that those involved in the decision to terminate her were even

6

partially motivated by the conduct for which Forrester claimed that Corizon retaliated.

### 3. Conclusion

We have considered Forrester's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court